HELEN LISLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lisle v. Commissioner
Docket No. 27285-88.
United States Tax Court
T.C. Memo 1989-181; 1989 Tax Ct. Memo LEXIS 184; 57 T.C.M. (CCH) 212; T.C.M. (RIA) 89181; April 19, 1989. Helen Lisle, pro se. Thomas G. Schleier, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986. On December 8, 1988, respondent filed a Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, pursuant to Rule 40. [1]
On July 28, 1988, respondent mailed to petitioner a statutory notice of deficiency in which respondent determined the following deficiencies in Federal income taxes and additions to tax: Additions to Tax
Section
Section
Section
Section
Year
Deficiency
6651(a)
6653(a)(1)
6653(a)(2)
6654
1983
$ 3,035.00
$ 600.00
$ 151.75
*
$ 137.00
1984
1,445.00
266.00
72.25
*
61.00
1985
2,383.00
462.00
119.20
*
98.00
*185 The deficiencies are based upon respondent's determination that petitioner failed to file Federal income tax returns and report gross income for the years 1983, 1984 and 1985 in the amounts of $ 17,681.00, $ 12,091.00 and $ 16,164.00, respectively. On October 18, 1988, petitioner timely filed her petition with this Court. On December 8, 1988, respondent filed the above-mentioned motion to dismiss. On December 27, 1988, petitioner filed her opposition to respondent's motion to dismiss and a cross-motion to dismiss. Rule 34(b) provides that the petition in a deficiency action shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." The petition in this case clearly does not satisfy the requirements of Rule 34(b). In her petition, petitioner alleges that respondent erroneously seeks to assess against her social *186 security taxes. In his statutory notice of deficiency mailed to petitioner on July 28, 1988, respondent makes no mention of social security taxes for the years in issue. Petitioner has failed to raise any justiciable errors with respect to respondent's determinations and has raised no justiciable facts in support of any alleged error. Rule 34(b)(4) clearly provides that "Any issue not raised in the assignment of errors shall be deemed to be conceded." Respondent's motion to dismiss will be granted; petitioner's cross-motion to dismiss will be denied. An appropriate order will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended, and as in effect during the years in issue.↩
*. 50% of the amount of the interest payable on the underpayment of $ 3,035.00, $ 1,445.00 and $ 2,283.00, respectively.↩